UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                CRIMINAL NO. 3:25-CR-105-DPJ-LGI

JOHN DAVID GREEN

ORDER

This felon-in-possession case is before the Court on Defendant John David Green's

motion to dismiss [22] his indictment.  For the reasons stated below, the Court denies his motion.

I.       Facts and Procedural Background

On September 9, 2025, a grand jury indicted Green for possessing a firearm as a felon in

November 2021, thus violating 18 U.S.C. § 922(g)(1).  Green's underlying state felony

convictions include (1) sale of MDMA (i.e., Ecstasy); (2) driving under the influence (DUI) of a

controlled substance; (3) felony DUI; (4) possession of methamphetamine with the intent to

distribute as a subsequent drug offender; and (5) possession of firearm by a felon.  May 1991

Sent'g Order [24-1] at 4; May 2007 Sent'g Order [24-1] at 8; July 2007 J. [24-1] at 11; Apr. 2018

J. [24-1] at 19; May 2018 J. [24-1] at 26.

He now moves to dismiss the § 922(g)(1) charge, arguing it is unconstitutional on

multiple grounds.  Mot. [22].  His motion is fully briefed, and the Court considers the arguments

raised.

II.      Standard of Review

Green brings his motion under Federal Rule of Criminal Procedure 12(b)(1) which states,

"A party may raise by pretrial motion any defense, objection, or request that the court can

determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).

III.    Analysis

Green alleges a host of constitutional arguments challenging his felon-in-possession charge. Some he merely preserves because they conflict with binding precedent, some he seems to have abandoned, and others he presses in his reply. The Court addresses each.

A.      Preserved Arguments

Green in reply acknowledges current Fifth Circuit precedent forecloses facial challenges under the Second Amendment and both facial and as-applied challenges under the Commerce Clause. Reply [27] at 1 n.1 (citing *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024); *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996)). For these reasons, Green preserves these arguments for appellate review. *Id.* There is no need to discuss those further.

B.      Abandoned Arguments

Green asserted claims under both the Equal Protection Clause and the Fifth Amendment's Due Process Clause. *See* Mot. [22] at 12, 14. Despite initially raising these arguments, Green appears to have abandoned them in his reply. Alternatively, the equal-protection argument is foreclosed. *See United States v. Goody*, 143 F.4th 617, 619 (5th Cir. 2025) (rejecting equal-protection argument under Fifth Amendment's Due Process Clause). And the Court rejects the Fifth Amendment due-process claim for the reasons stated in the Government's brief. *See* Gov't Resp. [24] at 12. Primarily, Green bases his argument on a lone dissent and offers no other authority for it.

C.      Issues Still Disputed

Green's three remaining constitutional challenges contend that § 922(g)(1) fails as applied under the Second Amendment and is unconstitutionally vague and overbroad.

***As-applied Second Amendment challenge.***  Green says § 922(g)(1), as applied to him, fails the history-and-tradition test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  *See* Mot. [22] at 4–6.

The Second Amendment guarantees the Government will not infringe "the right of the people to keep and bear Arms."  U.S. Const. amend. II.  To protect this right, the Supreme Court "instruct[ed] courts to employ a two-step framework to analyze whether a particular firearm regulation violates an individual's right to keep and bear arms."  *United States v. Kimble*, 142 F.4th 308, 310 (5th Cir. 2025) (citing *Diaz*, 116 F.4th at 463; *Bruen*, 597 U.S. at 17).  This two-step analysis proceeds like this:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, 597 U.S. at 24.

To begin, "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)."  *Diaz*, 116 F.4th at 467.  Convicted felons are "unequivocally among 'the people' protected by the Second Amendment."  *United States v. Schnur*, 132 F.4th 863, 867 (5th Cir. 2025) (citing *Diaz*, 116 F.4th at 466).

But the Fifth Circuit has foreclosed any argument that disarming Green is "[in]consistent with the Nations's historical tradition of firearm regulation."  *Bruen*, 597 U.S. at 24.  Even assuming the two DUIs and the conviction for illegally possessing a firearm would not preclude Green from possessing a firearm—something the Court has not considered—Green still has two prior felonies for possessing controlled substances with the intent to distribute.  In *Kimble*, the court held "that [§ 922](g)(1) is constitutional as applied to defendants with predicate felonies for

drug-trafficking offenses because of the intrinsic violence of the drug trade." 142 F.4th at 312. The Fifth Circuit reached the same conclusion in *United States v. Mancilla*, when the defendant had a prior conviction for felony possession with intent to distribute cocaine. 155 F.4th 449, 451–52 (5th Cir. 2025). So too here.

Green says *Kimble* is distinguishable, but he does not address *Mancilla*. He primarily contends that his single conviction for possessing with intent to distribute is too old and that he is not dangerous. *See* Reply [27] at 4. But Green appears to have two felony convictions for possessing controlled substances with intent to distribute; the second was in 2018 for methamphetamine. *See* Apr. 2018 J. [24-1] at 19–22.[1]

Even without the methamphetamine-trafficking conviction, Green seems to seek an individualized assessment though the Fifth Circuit has expressly rejected that approach. In "*Kimble*, our court explicitly did not 'embrace the view that courts should look beyond a defendant's predicate conviction and assess whether the felon's history or characteristics make him likely to misuse firearms.'" *United States v. Hembree*, 165 F.4th 909, 912 (5th Cir. 2026) (quotation marks omitted) (quoting *Kimble*, 142 F.4th at 318). Green's as-applied challenge is denied.

***Vagueness.*** Defendant also argues § 922(g)(1) violates the Fifth Amendment's Due Process Clause because it's unconstitutionally vague. Mot. [22] at 16. Specifically, he alleges judicial interpretations of § 922(g)(1) have made the statute unconstitutionally vague because

---

[1] The Government attached court records documenting this newest conviction, Apr. 2018 J. [24-1] at 19–22, and the Government refers to multiple drug-trafficking convictions in its response. *See, e.g.*, Gov't Resp. [24] at 7. The Court notes, however, that Green received a lengthy sentence for the methamphetamine conviction that would have surpassed the date he allegedly committed this federal offense. *See* Apr. 2018 J. [24-1] at 21. The Court therefore wonders whether the methamphetamine conviction was vacated.

they "no longer provide[] specific notice of the prior felony convictions that support disarmament." *Id.* at 17. After the parties briefed this issue, the Fifth Circuit rejected Green's argument in *United States v. Landrum*, 168 F.4th 771, 774 (5th Cir. 2026). This argument likewise fails.

***Overbreadth.*** Finally, Green argues § 922(g)(1) is impermissibly overbroad because it "indiscriminately" infringes the right to bear arms under the Second Amendment, prohibiting some felons from posing guns but not others. Mot. [22] at 15. The overbreadth doctrine typically arises in the First Amendment context. *See, e.g.*, *United States v. Hansen*, 599 U.S. 762, 769–70 (2023). And Green cites no authority expanding it to the Second Amendment, much less invalidating § 922(g)(1) on this basis.

Though the Fifth Circuit has not spoken on this issue, other circuits have rejected his argument. *See, e.g.*, *United States v. Richardson*, No. 25-2251, 2026 WL 1379899, at *1 (8th Cir. May 18, 2026); *United States v. Williams*, No. 24-1244, 2025 WL 1089531, at *2 (6th Cir. Apr. 11, 2025). As have judges in this district. *See United States v. Jones*, No. 5:25-CR-6-DCB-LGI, 2025 WL 3207814, at *3 (S.D. Miss. Nov. 17, 2025); *United States v. Bullock*, No. 3:18-CR-165-CWR-ASH, 2025 WL 3095966, at *1 (S.D. Miss. Nov. 4, 2025); *United States v. Love*, No. 1:24-CR-84-HSO-RPM-1, 2025 WL 2466980, at *3 (S.D. Miss. Aug. 26, 2025). The Court agrees with these holdings.

Under the overbreadth doctrine, "a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Serafine v. Branaman*, 810 F.3d 354, 365 (5th Cir. 2016) (quoting *United States v. Stevens*, 559 U.S. 460, 473 (2010)). The doctrine "instructs a court to hold a statute facially unconstitutional even though it has lawful applications, and even at the behest of

someone to whom the statute can be lawfully applied." *Hansen*, 599 U.S. at 769. "Because it destroys some good along with the bad, '[i]nvalidation for overbreadth is strong medicine that is not to be casually employed.'" *Id.* (quotation marks omitted) (quoting *United States v. Williams*, 553 U.S. 285, 293 (2008)). To justify this "strong medicine, . . . a law's unconstitutional applications must be realistic, not fanciful, and their number must be *substantially disproportionate* to the statute's lawful sweep." *Id.* at 769–70 (emphasis added).

Green offered no evidence to warrant this "strong medicine." *Id.* at 769. He claims "certain felonies . . . do not justify disarmament even though they are covered by the plain language of § 922(g)(1)." Reply [27] at 5. Yet, he doesn't identify which felonies fall outside § 922(g)(1)'s cover and which fall within it. By itself, Green's qualitative statement does not show § 922(g)(1)'s prohibitions disproportionately capture lawful conduct. *See Love*, 2025 WL 2466980, at *3 (requiring defendant arguing overbreadth challenge to establish statute's disproportionate sweep). Because Green has not established a "lopsided ratio" between unconstitutional to constitutional applications of § 922(g)(1), his argument fails. *Hansen*, 599 U.S. at 770. Therefore, the Court denies Green's overbreadth challenge.

IV.    Conclusion

The Court has considered all arguments presented. Any argument not specifically addressed would not affect the outcome. For the reasons explained above, the Court denies Green's motion to dismiss.

**SO ORDERED AND ADJUDGED** this the 27th day of May, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

6